UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BETSY P. ELGAR

                   Plaintiff,          No. C 06-07415 MHP

  v.                                    **ORDER**

LOUISE KING

                  Defendant.
_____/

     On December 4 2006 plaintiff Betsy Elgar filed a *pro se* complaint and application to proceed *in forma pauperis*. The court has reviewed plaintiff's complaint and denies the application.

     The complaint in this action is incomprehensible and plaintiff's injury cannot be divined from it. Plaintiff's complaint alleges that various forms of mistreatment at the hands of defendant and at least two other named individuals, including allegations of stolen property. This litany of claims fails to provide defendant with adequate notice of the claims alleged against them. Fed. Rule Civ. P. 8(a) (requiring a "short and plain statement " of plaintiff's claims). Even under the liberal pleading standards afforded *pro se* litigants, plaintiff must provide defendants with "notice of what [they] allegedly did wrong." Brazil v. United States Dept. of the Navy, 66 F.3d 193, 199 (9th Cir. 1995).

     A district court may deny *in forma pauperis* status and dismiss a complaint *sua sponte* if it determines that the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. See 28 U.S.C. §1915(e)(2).[1] A complaint is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

1    The court cannot decipher the facts from plaintiff's garbled complaint.  As such, it cannot
2 determine whether the complaint has any basis in fact.  Plaintiff's application to file this complaint *in*
3 *forma pauperis* is DENIED.  The complaint is DISMISSED WITHOUT PREJUDICE under 28
4 U.S.C. § 1915(e)(2)(B).

6    IT IS SO ORDERED.

7 Dated:   Jan. 8, 2007

_____
MARILYN HALL PATEL
United States District Court Judge
Northern District of California

**UNITED STATES DISTRICT COURT**
For the Northern District of California

ENDNOTES

1. Section 1915(e)(2) is not limited to prisoners. <u>Calhoun v. Stahl</u>, 254 F.3d 845 (9th Cir. 2001). It applies to all litigants proceeding *in forma pauperis*. <u>See</u> <u>id.</u>; <u>Benson v. O'Brian</u>, 179 F.3d 1014, 1017 (6th Cir. 1999).